NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAKERY AND CONFECTIONARY UNION AND INDUSTRY INTERNATIONAL PENSION FUND; and BOARD OF TRUSTEES OF THE BAKERY AND CONFECTIONERY UNION AND INTDUSTRY INTERATIONAL PENSION FUND<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BEINSTEIN BACKING CO., INC. T/A VILLAGE BAKERY<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 13-4545<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on Plaintiffs' motion for default judgment against Defendant (ECF No. 9). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiffs' motion.

**I.　BACKGROUND**

Although it appears that Defendant was served with the complaint, it has not answered. The answer was due on August 24, 2013. (ECF No. 5). On February 4, 2014 Plaintiffs petitioned the clerk to enter default pursuant to Rule 55(a), and the clerk entered default that same day. (ECF No. 8). Plaintiffs thereafter filed the instant motion for default judgment under Rule 55(b). (ECF No. 9).

The following facts, taken from the complaint, are deemed admitted by Defendant due to its default. DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing Comdyne I, Inc. v. Corbin, 908 F.3d 1142, 1149 (3d Cir. 1990)).

Plaintiffs are an ERISA multiemployer employee pension benefit plan (the "Fund") and its fiduciaries. (Compl. ¶¶ 5-6). By statute, when a participating employer withdraws from a multiemployer plan, that employer must pay withdrawal payments: its share of the plan's unfunded liability. 29 U.S.C. § 1381(a). This ensures that the financial burden will not be shifted to the remaining employers. SUPERVALU, Inc. v. Bd. Of Trs. Of Sw. Pa. & W. Md. Area Teamsters & Emp'rs. Pension Fund, 500 F.3d 334, 337 (3d Cir. 2007). Plaintiffs brought this action seeking to recover withdrawal payments from Defendant, a Fund participant who completely withdrew from the Fund in 2010. (Id. at ¶¶ 10-12).

Upon withdrawal, it is "the duty of the pension plan to determine whether withdrawal liability has occurred and in what amount." SUPERVALU, 500 F.3d at 337 (citing 29 U.S.C. §§ 1382, 1391). The Fund made a determination that Defendant owed $194,893, and provided Defendant a payment schedule on September 14, 2010. (Compl. at ¶ 13). Defendant requested a review of the matter on October 13, 2010. (Id. at ¶ 15). The Fund responded on November 15, 2010 and February 9, 2011 requesting additional information necessary to evaluate Defendant's request. (Id. at ¶¶ 16-17). Defendant has not made any withdrawal liability payment, and did not provide any of the documents requested by the Plan. (Id. at ¶¶ 19-20). Defendant did not initiate arbitration challenging the Fund's determination of its withdrawal liability. (Id. at ¶ 14). This Court has jurisdiction under 29 U.S.C. § 1451.

## II.     DISCUSSION

### A.     Plaintiff Is Entitled To Default

Rule 55 authorizes a district court to enter a default judgment against a defendant who has been properly served and has failed to answer or respond to the pleadings. Obtaining a default judgment is a two-step process. First, when a party has failed to plead or otherwise defend, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). Once the clerk enters default, a plaintiff may move for a default judgment. Fed R. Civ. P. 55(b). Here, the clerk has entered default, and so the Court will address Plaintiffs' motion on the merits.

In order to award a default judgment, a district court must make explicit findings regarding the following factors: (1) whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's own culpable conduct caused his delay. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) (Emasco includes a fourth factor, "the effectiveness of alternative sanctions."). In making these findings, Plaintiff's factual allegations in the complaint will be taken as true, except for those relating to the amount of damages. DIRECTV, Inc., 431 F.3d at 165 n.6 (3d Cir. 2005) (citing Comdyne I, 908 F.3d at 1149). "Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim." Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC, No. 06-cv-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007).

The Complaint states a cause of action to compel an employer to pay withdrawal liability. The facts in the Complaint, deemed admitted by Defendant, indicate that Defendant completely withdrew from the Fund, due to it ceasing operations on September 5, 2010. (Compl. ¶ 12, Brock Aff. Ex. C). Thus, Defendant was subject to withdrawal liability under 29 U.S.C. § 1381. Further, the Fund calculated and notified Defendant of its withdrawal liability under 29 U.S.C. § 1399(b). (Compl. ¶¶ 14-18). Defendant failed to initiate arbitration, rendering "the amounts demanded . . .

due and owing on the schedule set forth by the [Fund]." 29 U.S.C. § 1401(b)(1). Accordingly, the Court will issue a default judgment on behalf of Plaintiffs.

**B.     Damages**

All that remains is the issue of damages. Because this is an action to compel an employer to pay withdrawal liability, damages are governed by 29 U.S.C. 1132(g)(2). See 29 U.S.C. § 1451(b) (treating an action to compel payment of withdrawal liability in the same manner as a delinquent contribution under 29 U.S.C. § 1145); 29 U.S.C. 1132(g)(2) (governing damages when a fiduciary enforces 29 U.S.C. § 1145). Accordingly, the Court must award Plaintiffs: (A) the amount of withdrawal liability; (B) interest on the unpaid contributions; (C) the greater of the interest on the unpaid contributions or liquidated damages in a percentage of the amount of withdrawal liability; (D) reasonable attorney's fees and costs of the action; and (E) other legal or equitable relief. 29 U.S.C. § 1132(g)(2).

Because Defendant did not challenge the amount of withdrawal liability in arbitration, the Court treats the withdrawal liability as a sum certain under Fed. R. Civ. P. 55(b)(1). See 29 U.S.C. § 1401(b)(1). Because Plaintiff relies upon extrinsic evidence regarding its attorney's fees, the Court will evaluate those damages under Fed. R. Civ. P. 55(b)(2). Accordingly, having reviewed Plaintiffs' submissions, the Court will award Plaintiffs withdrawal liability in the amount of $194,893.00, attorney's fees in the amount of $2,795.20, and costs in the amount of $512.70.

However, respecting the appropriate interest rate, Plaintiff argues that since there is no rate provided by the plan the Court should use the "the PBGC interest rate for the applicable time period." (Pl. Br. 5-6 (citing 29 U.S.C. § 1399(c)(6) and 29 C.F.R. § 4219)). However, the statute sets the applicable rate as the rate set by 26 U.S.C. § 6621, if no rate is provided by the plan. 29 U.S.C. § 1132(g)(2). Plaintiffs have not demonstrated that the interest rate of 3.25 percent is the

4

statutory rate under 26 U.S.C. § 6621, and so the Court will require an additional submission. Furthermore, because the statute indicates that the court shall award "an amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquated damages . . ." the Court is not in a position to award liquidated damages absent an appropriate interest calculation. 29 U.S.C. 1132(g)(2)(C). According, the Court will reserve final judgment on the issues of interest and liquidated damages until Plaintiff submits papers setting forth the applicable interest rate under 26 U.S.C. § 6621, and calculating the appropriate damage award under 29 U.S.C. § 1132(g)(2)(B) and 29 U.S.C. § 1132 (g)(2)(C).

### III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiffs' motion for default judgment. Judgment will be entered for Plaintiffs except for Plaintiffs' interest and liquidated damages, which require additional briefing.

Accordingly, it is on this 22 day of September :

**ORDERED** that Plaintiffs shall have thirty (30) days to submit papers setting forth the applicable interest rate under 26 U.S.C. § 6621, and calculating the appropriate damage award under 29 U.S.C. § 1132(g)(2)(B) and 29 U.S.C. § 1132 (g)(2)(C).

_____
CLAIRE C. CECCHI, U.S.D.J.